**Paukert and Troppmann, PLLC**
Breean Beggs, WSBA 20795
Andrew Biviano, WSBA 38086
522 W. Riverside Ave., Ste. 560
Spokane, WA 99201
(509) 232-7760

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACLYN RAE SLEATER, and others,<br>          Plaintiff,<br>     vs.<br><br>BENTON COUNTY, a municipal corporation,<br>          Defendant. | Case No.:<br><br>COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS<br><br>CLASS ACTION CERTIFICATION PENDING |

## I.     INTRODUCTION

1. This class action seeks monetary damages against Defendant BENTON COUNTY for violations of Plaintiff's rights, and the rights of other similarly situated individuals, guaranteed under the Fourth, Fifth, and Fourteenth Amendments. Benton County's policy and practice of issuing arrest warrants for non-payment of legal financial obligations, without first issuing a

COMPLAINT - 1

summons or other court directive to appear at a hearing, willfully violated clearly established constitutional rights to not be deprived of liberty without due process of law. Further, Benton County's policy and practice of jailing people for non-payment of legal financial obligations without first determining the willfulness of the non-payment clearly violates defendants' rights to such a hearing established by *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

## II.    JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1361, 28 U.S.C. § 2201, and 5 U.S.C. § 702.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (e)(2), (e)(2)-(3).

4. This action is brought pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, §1988.

5. All acts complained of herein occurred in Benton County, Washington.

## III.    PARTIES

6. Plaintiff JACLYN RAE SLEATER is a single woman residing in Benton County, which is in the Eastern District of Washington. She is a real party in interest in this case.

COMPLAINT - 2

7. Defendant BENTON COUNTY is a municipal corporation and is located within the Eastern District of Washington.

## IV. FACTS

8. Ms. Sleater has received felony convictions in Benton County Superior Court for various drug offenses, and received criminal sentences that included restitution payments and other legal financial obligations (LFOs).

9. As of April 2014, Ms. Sleater owed LFOs on three cause numbers and was making a combined monthly payment of $75 toward the three cases. She was entered into Benton County's "pay or appear" program. It required her to make her LFO payments every month or appear to schedule a court hearing to explain why she could not make the payments. The program agreement also stated that if Ms. Sleater did not make a payment and failed to schedule a hearing, a warrant would be issued for her arrest.

10. Payments were being made on Ms. Sleater's behalf by her mother. Her mother made a $150 on-line payment on April 17, 2014. Benton County's computer system failed to correctly apportion the sum among the three accounts, but instead applied all of the money to one cause number. As a result, the other two accounts were deemed to be in arrears, despite payments being made.

11. As a result of its own error, on April 22, 2014, the Benton County Clerk's office sought and obtained arrest warrants for Ms. Sleater on the two cause numbers that it incorrectly listed as in arrears, without scheduling a hearing, and without issuing a summons or other directive to appear in court.

12. Officers arrested Ms. Sleater on the two warrants on May 16, 2014, for failure to pay her LFOs.

13. Ms. Sleater did not receive a preliminary hearing to determine if there was probable cause to believe she willfully failed to pay her legal financial obligations.

14. Ms. Sleater did not receive a summons or notice to appear in court prior to being arrested.

15. On June 14, 2016, the Washington State Court of Appeals, Division III, held that the two arrest warrants in question were invalidly issued without consideration of alternatives to arrest in violation of the Fourth Amendment's protection against unreasonable seizures, and that in a civil context a summons must be issued prior to an arrest. The Court additionally held that arrest was invalid because Benton County required Ms. Sleater to go to jail for failure to pay LFOs without first conducting an inquiry into her ability to pay them. *State v. Sleater*, 378 P.3d 218, 194 Wn.App. 470 (2016).

COMPLAINT - 4

16. The Court's holding that the arrest warrants were invalid and unconstitutional is binding authority and precedent, with preclusive effect on the claims of Plaintiff and proposed class members brought against Benton County in the instant matter.

17. Ms. Sleater wrongfully spent a number of days in jail as a result of Benton County's unconstitutional policies and practices described above.

18. Upon belief, hundreds and perhaps thousands of individuals similarly situated as Ms. Sleater have been incarcerated for thousands of days as a direct and proximate cause of Benton County's unconstitutional policies and practices described above.

19. A reasonable uniform per-day, per-person damage amount for each day illegally incarcerated in the Benton County jail is not less than $500.

### V.     CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of herself, and all others similarly situated, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), (3).  Plaintiff provisionally proposes the following class definition:

    **Individuals incarcerated in the Benton County Jail, from three years prior to the filing of this action through the date this matter is resolved, pursuant to arrest warrants for failure to pay legal financial obligation that were issued without first issuing a summons or other court directive to appear at a hearing.**

COMPLAINT - 5

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

21. This is an appropriate class action because the proposed class is so numerous that joinder of all members is impracticable.

22. There are questions of law and fact common to the class, including whether Defendant's actions violate Plaintiff's and other class members' due process rights under the Fourth, Fifth, and the Fourteenth Amendments to the U.S. Constitution.

23. The claims of Plaintiff are typical of the claims of the class.

24. Plaintiff will fairly and adequately protect the interests of the class.

25. Plaintiff has available competent counsel with experience in civil rights and prisoner's rights who are willing and able to protect the interests of the class.

26. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making an award of monetary damages appropriate, with respect to the class as a whole.

### VI.   CAUSES OF ACTION

**A.   CIVIL RIGHTS – VIOLATION OF FOURTH, FIFTH AND FOURTEENTH AMENDMENTS**

27. The actions of Defendant Benton County, complained of above, were taken under color of state law.  These actions violated clearly established rights under the Fourth, Fifth, and Fourteenth Amendments to be free of unlawful deprivation of liberty without due process of law.

28. Defendant's failure to provide the Plaintiff, and others in the class, a summons or other court directive to appear at a hearing prior to arresting and imposing incarceration as a penalty for non-payment of legal financial obligations violates their Fourth Amendment right to be free from unreasonable seizures and their Fifth Amendment right to due process.

29. Benton County acted intentionally, knowingly, and/or with reckless or careless disregard and/or deliberate indifference to Plaintiff's constitutional rights as previously set out in Washington and federal court decisions.

30. Defendants are liable for damages, costs, and attorney's fees, under 42 U.S.C. §§ 1988.

31. Benton County's policy and practice of issuing arrest warrants for non-payment of legal financial obligations, without first issuing a summons or other court directive to appear at a hearing, has already been fully adjudicated and deemed unlawful and unconstitutional in the case *State v. Sleater*, 378 P.3d 218, 194 Wn.App. 470 (2016), and the County is therefore liable to Plaintiff and similarly situated individuals as a matter of law under principles of estoppel.

B. **MUNICIPAL LIBILITY**

32. Defendant Benton County explicitly adopted and implemented a policy, custom, or practice permitting its employees to issue arrest warrants and

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

incarcerate individuals for non-payment of legal financial obligations without first giving notice or holding a judicial inquiry into their ability to pay and the willfulness of any non-payment. These policies, customs, or practices explicitly allow, condone, ratify, and afford the reckless and erroneous field decisions by its personnel resulting in the unlawful deprivation of Plaintiff's liberty, and the liberty of those similarly situated.

33. Defendant Benton County, individually or through its agencies, is a "person" within the meaning of 42 U.S.C. § 1983. All actions taken by Benton County in relation to the Plaintiff were taken under the color of law. In violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, Defendant Benton County's illegal actions have deprived Plaintiff of her Constitutionally-protected rights against unreasonable seizures and imprisonment without the required due process of law.

34. By its conduct as described herein, Benton County proximately caused the constitutional violations described above.

35. By this conduct, Benton County violated Plaintiff's federal constitutional and statutory rights under 42 U.S.C. § 1983.

## VII.  DAMAGES

36. Benton County's illegal imprisonment of Plaintiff and other similarly situated class members proximately caused damages to be established by the Court at a uniform daily rate for each person in an amount to be proven at trial, and nominal damages for each similarly situated class member. Said uniform damages are for loss of liberty and other general damages.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, the Plaintiff asks this Court to grant the following relief:

37. Certify this case as a class action under FRCP 23(b)(2), (3);

38. Award compensatory damages at a uniform daily rate per person for each day of illegal incarceration resulting directly and proximately from Defendant's conduct, as set forth above, in an amount to be determined at trial;

39. Award nominal damages to each person for each day of illegal incarceration resulting directly and proximately from Defendant's conduct, as set forth above, in an amount to be determined at trial;

40. For all prejudgment and post judgment interest as allowed by law;

41. Award Plaintiff all reasonable costs and attorney's fees incurred in connection with this lawsuit, pursuant to 42 U.S.C. § 1988, or any other applicable law; and

COMPLAINT - 9

42. For any further or additional relief which the Court deems appropriate or just.

Respectfully submitted March 15, 2017.

PAUKERT AND TROPPMANN, PLLC

*/s/ Breean L. Beggs*
Breean L. Beggs, WSBA# 20795

*/s/ Andrew S. Biviano*
Andrew S. Biviano, WSBA# 38086

522 W. Riverside Ave., Ste. 560
Spokane, WA 99201
(509) 232-7760

Attorneys for Plaintiffs

COMPLAINT - 10