FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 18, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACLYN RAE SLEATER, and others,<br><br>    Plaintiff,<br><br>    v.<br><br>BENTON COUNTY, a municipal corporation,<br><br>    Defendant. | No. 4:17-cv-05033-SAB<br><br>**ORDER DENYING RECONSIDERAITON** |

The Court held a telephonic status conference on February 28, 2019. Andrew Biviano and Breean Beggs appeared on behalf of the Class of Plaintiffs, and Kenneth Harper appeared on behalf of Defendant. At the hearing, the Court informed the parties that it would be denying Defendant's motion to reconsider the Court's decision to certify the class. ECF No. 77. This Order serves to memorialize the Court's ruling.

**STANDARD**

Motions for reconsideration are generally disfavored and are considered an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an

**ORDER DENYING RECONSIDERATION ^ 1**

intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona*, 229 F.3d at 890. Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## DISCUSSION

On November 30, 2018, the Court issued an Order certifying this matter as a class action. ECF No. 75. In its Order, the Court certified the following class:

> **Issuance Class**: All persons to whom Benton County issued arrest warrants for failure to pay legal financial obligations without first issuing a summons or other court directive to appear at a hearing, from three years prior to the filing of this action through the date this matter is resolved.

Additionally, the Court certified the following subclass:

> **Incarceration Subclass**: All persons arrested and incarcerated pursuant to arrest warrants issued by Benton County for failure to pay legal financial obligations that were issued without first issuing a summons or other court directive to appear at a hearing, from three years prior to the filing of this action through the date this matter is resolved

Defendant requests the Court reconsider its decision to certify the class. More specifically, Defendant argues that Plaintiff has failed to show the existence of a sufficiently numerous class of persons affected by the issuance of allegedly unlawful arrest warrants. Thus, Defendant asserts the Court should decertify the class because Plaintiff has failed to establish one of the prerequisites to certification – numerosity. Fed. R. Civ. P. 23(a)(1).

**ORDER DENYING RECONSIDERATION ^ 2**

The issue of whether Plaintiff's proposed class action encompasses a sufficiently numerous group of individuals is one that the parties, as well as the Court, have grappled with on more than one occasion. In fact, the Court held an evidentiary hearing on the matter where it heard testimony from Trent Livingston, Defendant's electronic discovery expert witness. Thus, this issue – and, more specifically, Defendant's argument on the issue – is one that the Court has already considered and ultimately rejected. For that reason alone, the Court may deny Defendant's motion. *See Kona*, 229 F.3d at 890.

However, the Court will use this as an opportunity to further supplement its reasons for finding the numerosity element satisfied.

**I. Numerosity**

A proposed class satisfies the numerosity requirement when "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Whether joinder would be impracticable depends on the facts and circumstances of each case and does not, as a matter of law, require any specific minimum number of class members." *Smith v. Univ. of Washington Law Sch.*, 2 F.Supp.2d 1324, 1340 (1998). Generally, a proposed class comprised of 40 or more members will satisfy the numerosity requirement. *Marshall v. Bonded Adjustment Co.*, No. 11-cv-0022-TOR, 2012 WL 3044246, at *5 (E.D. Wash. July 25, 2012).

The Court was able to determine that Plaintiff's class and subclass encompass a sufficiently numerous group of individuals based on reasonable inferences derived from the evidence provided by Defendant's witnesses, Trent Livingston and Josie Delvin.

As Defendant's electronic discovery expert witness, Mr. Livingston's job was to go through Benton County's electronic records to determine whether they could identify all individuals who were arrested and incarcerated pursuant to arrest

warrants issued during the time Benton County used the Pay or Appear[1] LFO collection program. Mr. Livingston determined that the Benton County records identified 1,642 individuals who were booked into the Benton County Jail since 2014, for whom a warrant with a notation relating to LFOs had been issued. Livingston Decl. at 3.

The parties and the Court agree that this number is over inclusive. For example, it includes individuals who were the subject of an LFO non-payment warrant in 2017, after Benton County stopped[2] using the Pay or Appear program. However, we know, based on the deposition testimony of Josie Delvin, that the Benton County Clerk's office used the Pay or Appear program to collect LFOs until 2016. Thus, it is completely reasonable to infer that between 2014 and 2016 – during the time in which it used the Pay or Appear program – Benton County issued LFO non-payment warrants to at least 40 individuals.

Of this class of individuals, it is completely reasonable to infer that a sufficiently numerous subclass of individuals were arrested and/or incarcerated pursuant to these arrest warrants. The problem for the parties is that the Benton County records do not identify these individuals. These records tell us (1) who

---

[1] The Pay or Appear program was a process used by the Benton County Clerk's office to collect LFOs. Under the program, if an LFO debtor missed a payment then the debtor was required to schedule a hearing and explain why he or she could not make the payment, or appear at the Benton County Clerk's office by the 15th of the following month. If the debtor failed to do either of these things, the Clerk's office – not a judicial officer – would sign and issue a bench warrant for the debtor's arrest.

[2] Benton County stopped using the Pay or Appear program following the Washington Court of Appeals' decision in *State v. Sleater*, 194 Wash. App. 470 (2016).

**ORDER DENYING RECONSIDERATION ^ 4**

was booked into the Benton County jail, and (2) any arrest warrants that may have been active during the individual's arrest and subsequent booking. The link that is missing from these records is whether the individual was arrested and booked pursuant to the allegedly unlawful arrest warrants.

While this link is missing from the Benton County records, that is not to say that such a link does not exist. For example, the Benton County records do not tell us whether Jaclyn Sleater's arrest on May 16, 2014, was prompted by one of several warrants issued for Ms. Sleater between 2009 and 2014. Livingston Decl. at 10. But we know that Ms. Sleater was arrested and incarcerated on May 16, 2014, pursuant to two warrants issued for LFO non-payment under the Pay or Appear program. *State v. Sleater*, 194 Wash. App. 470, 471 (2016). It is for that reason the Washington Court of Appeals reversed Ms. Sleater's conviction for possession of methamphetamine that was discovered during that arrest. *Id*. at 477.

In this case, the Court certified the Incarceration Subclass because the class is defined by an objective criterion, and the factual link that is missing from the Benton County records may be determined through the review of other evidence and/or police records beyond those maintained by the Benton County Clerk's office. Defendant argues that this will require the Court to make an individualized, fact-specific inquiry to determine class membership. Even if this turns out to be true, Plaintiff is not required to demonstrate an administratively feasible way to identify class members as a prerequisite to class certification. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017).

In *Briseno*, Plaintiffs brought a class action lawsuit on behalf of all individuals in several states who had purchased Wesson-brand cooking oil products labeled "100% Natural." 844 F.3d at 1123. The defendant opposed class certification on the ground that there would be no administratively feasible way to identify members of the proposed class because consumers would not be able to reliably identify themselves as class members. *Id*. at 1124. The district court

**ORDER DENYING RECONSIDERATION ^ 5**

rejected this argument and was instead satisfied with the fact that the class was defined by an objective criterion: whether class members purchased Wesson oil during the class period. *Id.*

The Ninth Circuit Court of Appeals affirmed the district court's decision to certify the class action, and rejected the defendant's argument that, in order to justify class certification, the plaintiffs had to prove that an administratively feasible method exists to determine class membership. *Id*. at 1125. For that reason, this Court declines to impose such a requirement in this case.

Plaintiff is not required to show an administratively feasible way to identify members of the Incarceration Subclass, the same way Benton County is not required to maintain records that allow us to identify specific individuals who were arrested and incarcerated pursuant to allegedly unlawful arrest warrants. At this stage of the process, the Court is satisfied that based on the evidence in the record thus far, Plaintiff's class and subclass encompass a sufficiently numerous group of individuals affected by the allegedly unlawful arrest warrants.

Again, the Court reminds the parties that it can revisit the issue of class certification at a later time. Fed. R. Civ. P. 23(c)(1)(C). Should additionally discovery indicate that class certification is not appropriate, the Court will exercise its discretion to decertify the class. *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

**CONCLUSION**

For the reasons provided above, in addition to the reasons provided in the Court's Order Certifying Class, ECF No. 75, the Court denies Defendant's motion for reconsideration.

//
//
//
//

**ORDER DENYING RECONSIDERATION ^ 6**

**IT IS HEREBY ORDERED:**

1. Defendant's Motion for Reconsideration of Order Certifying Class, ECF No. 75, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 18th day of March 2019.



                                    Stanley A. Bastian
                            United States District Judge