Kenneth W. Harper
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, WA 98902
509-575-0313
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACLYN RAE SLEATER, and others, | NO. 4:17-cv-05033-SAB |
| Plaintiff, | DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE |
| v. | |
| BENTON COUNTY, a municipal corporation, | |
| Defendant. | |

Pursuant to Local Rule 56(c)(1)(C), defendant submits the following reply statement of material facts not in dispute:

**1. Defendant's Material Fact No. 2.** Defendant's Statement of Material Fact ("SOF") 2 is supported by the Declaration of Josie Delvin in Support of Supplemental Briefing on Motions Re Class Certification, at paragraph 7. (ECF No. 62, ¶ 7) ("The policy governing the issuance of bench

DEFENDANT'S REPLY STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE - 1

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

warrants for the nonpayment of legal financial obligations ("LFOs") was established by the Benton County Superior Court judges.").

Contrary to the plaintiff's assertion, Ms. Delvin's deposition testimony is consistent with Defendant's SOF 2.  Ms. Delvin testified that various officials at Benton County, including the Clerk's Office and the Superior Court judges, were involved in some aspects of the collection of LFOs.  (*See* ECF No. 90-1, at p. 9).  This is not evidence that the judges did not have final decisionmaking authority on the issuance of warrants relating to LFOs.  During her deposition, Ms. Delvin was clear that the policies regarding warrants were determined by the Benton County Superior Court judges:

Question: So just to be clear, it was your office that requested this arrest -- this arrest warrant to be issued?

Answer: Under the direction of the judge, yes.

Question: How does that work under the direction of the judge; what does that mean?

Answer: That means that was the process that the judges wanted us to take for the collection of LFOs.

Question: But you didn't take each warrant to the judge and say "Please sign this warrant"?  The judge kind of pre-approves through your office to issue the warrant; is that correct?

Answer: Judges don't sign bench warrants.

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 2

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

<u>Question</u>: Right. So when you say "under the direction of the judge," you mean the judge approved the form in advance for your office to fill out and issue upon your discretion?

<u>Answer</u>: The form *and the process*.

<u>Question</u>: Okay. And the process being what?

<u>Answer</u>: When people failed to pay, we would issue a warrant. (ECF No. 63-1, at 24:2-20) (emphasis added).

In light of the record of evidence in this case, the Plaintiff's assertion that the lack of written policies on LFOs makes it "impossible to determine if the policy originated from the judges or elsewhere" is improper legal argument unsupported by record evidence. This argument does not satisfy the requirement of Fed. R. Civ. P. 56(c)(1) that a party disputing a factual contention cite evidence in the record. *Id.*

The Plaintiff's assertion that "judges do not generally make decisions in their judicial capacity without leaving a written record" is improper legal argument unsupported by record evidence. This argument does not satisfy the requirement of Fed. R. Civ. P. 56(c)(1) that a party disputing a factual contention cite evidence in the record. *Id.*

The Plaintiff's assertion that "subsequent changes to the policies were made with these same parties participating in the decision" is vague and

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 3

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

imprecise to such an extent that it is essentially no more than legal argument unsupported by record evidence. This argument does not satisfy the requirement of Fed. R. Civ. P. 56(c)(1) that a party disputing a factual contention cite evidence in the record. *Id.* To the extent that a "subsequent change" to the policy was the cessation of issuing warrants without first issuing a summons or other court directive to appear at a hearing, this change was made because the Court of Appeals in *State v. Sleater* found this to be unconstitutional.

**2.     Defendant's Material Fact No. 3.**  Defendant's SOF 3 is uncontroverted. Ms. Delvin testified during her deposition that she has policymaking authority for the Benton County Clerk's Office with respect to some but not all policies. (ECF No. 90-1, at 8:25). The Plaintiff's argument that Ms. Delvin "did not testify that she was prohibited from doing these things by the judges" does not accurately portray Ms. Delvin's deposition testimony because she was not asked such a question.

Ms. Delvin was clear that the issuance of warrants was pursuant to a process approved by the Benton County Superior Court Judges. (ECF No. 63-1, at 24:2-20). The statement by Ms. Delvin in her declaration that the Benton County Clerk's Office "would not have issued bench warrants on its own

DEFENDANT'S REPLY STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE - 4

initiative or in any manner inconsistent with the judges' decision on when and under what circumstances a bench warrant should issue for LFO nonpayment" (ECF No. 62, ¶ 7) is consistent with the foregoing deposition testimony.

The argument by the Plaintiff about the scope of Ms. Delvin's authority is also unsupported by record evidence. Ms. Delvin has acknowledged that in her capacity as Benton County Clerk she makes some policies relating to the administration of LFOs, including collection procedures for non-payment. (ECF No. 62, ¶ 11). However, at no time did Ms. Delvin or the Benton County Clerk's Office "establish or decide any policy relating to circumstances under which the judges of the Benton County Superior Court would authorize arrest warrants for LFO non-payment." (Id., ¶ 12). It is likewise undisputed that neither Ms. Delvin nor the Benton County Clerk's Office established or decided "any policy on whether such warrants should be issued by [the Benton County Clerk's Office] without first issuing a summons or other court directive to appear at a hearing." (*Id.*).

**3.     Defendant's Material Fact No. 6.** Defendant's SOF 6 is uncontroverted for many of the same reasons that Defendant's SOF 3 is uncontroverted. The summary judgment record is uncontroverted that the policy relating to the issuance of warrants for non-payment of LFOs without

DEFENDANT'S REPLY STATEMENT OF
MATERIAL FACTS NOT IN DISPUTE - 5

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

first issuing a summons or other court directive to appear for a hearing "was the decision of the judges, and principally the decision of Judge Swisher." (ECF No. 62, ¶ 12).

    **4.**    **Defendant's Material Fact No. 8.**  Defendant's SOF 8 is uncontroverted for the same reasons that Defendant's SOFs 3 and 6 are uncontroverted.

    **5.**    **Defendant's Material Fact No. 9.**  Defendant's SOF 9 is consistent with Ms. Delvin's deposition testimony and supported by her declaration. It does not follow from the mere fact that various officials within Benton County were involved in the collection of LFOs that the process by which warrants were issued for non-payment of LFOs was not ultimately established by the Benton County Superior Court judges. The summary judgment record is uncontroverted that the duties of Ms. Delvin in her capacity as Benton County Clerk, and the Benton County Clerk's Office more broadly, "do not now and have never at any material time extended to the conduct or decisions of judges in instances of judicial authority, judicial decisionmaking, or other court action, which includes here the policy choice to direct issuance of bench warrants for collection of LFOs from non-paying offenders without

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

first issuing a summons or other court directive to appear at a hearing." (ECF No. 62, ¶ 13).

      **6.**    **Defendant's Material Fact No. 11.**   Defendant's SOF 11 is uncontroverted for the same reasons that Defendant's SOF 9 is uncontroverted.

DATED THIS 8th day of April, 2019.

                s/ KENNETH W. HARPER,
                WSBA #25578
                Menke Jackson Beyer, LLP
                *Attorneys for Defendant Benton County*
                807 North 39th Avenue
                Yakima, Washington 98902
                Telephone: (509) 575-0313
                Fax: (509) 575-0351
                Email: kharper@mjbe.com

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 7

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2019, I filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Mr. Breean L. Beggs        Bbeggs@pt-law.com
Mr. Andrew S. Biviano      abiviano@pt-law.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

                               s/ KENNETH W. HARPER
                               WSBA #25578
                               Menke Jackson Beyer, LLP
                               *Attorneys for Defendant Benton County*
                               807 North 39th Avenue
                               Yakima, Washington 98902
                               Telephone: (509) 575-0313
                               Fax: (509) 575-0351
                               Email: kharper@mjbe.com

DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 10

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351