Kenneth W. Harper
Menke Jackson Beyer, LLP
807 North 39th Avenue
Yakima, WA  98902
509-575-0313
Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JACLYN RAE SLEATER, and others, | NO. 4:17-cv-05033-SAB |
| Plaintiff, | DEFENDANT'S MOTION TO DECERTIFY CLASS |
| v. | |
| BENTON COUNTY, a municipal corporation, | 9/20/2021 Without Oral Argument |
| Defendant. | |

## I. INTRODUCTION

More than four years into this case, and more than two years after the Court certified a class, the plaintiff ("Ms. Sleater") cannot show that her claims are capable of class-wide resolution.  (*See* ECF No. 142, ¶ 8).

Issues of class-wide applicability will not predominate even if Ms. Sleater is able to identify some class members.  The circumstances of each putative class member differ in ways material to liability.  The defenses that the County is

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 1

entitled to raise for each person who Ms. Sleater may claim is a class member can only be determined on an individualized basis.  The file-by-file fact-finding that will be required to establish class membership in the first place is a very complex process spanning several data sources that Ms. Sleater has not yet even begun to take into account.  Ms. Sleater cannot satisfy the requirements of Rule 23(b)(3). The Court should exercise its discretion to decertify the class.

## II. BACKGROUND

The complaint alleges claims arising under 42 U.S.C. 1983 on behalf of Ms. Sleater and a purported class defined as "[i]ndividuals incarcerated in the Benton County Jail . . . pursuant to arrest warrants for failure to pay legal financial obligation[s] that were issued without first issuing a summons or other court directive to appear at a hearing." (ECF No. 1, ¶ 20).

**A.     The County's efforts to ascertain class members.**

The County retained an IT consultant in June 2017 to assess its records and investigate the feasibility of identifying class members.  (*See* ECF No. 16, ¶ 3, and No. 16-1).  The County determined that 1,642 persons were booked into the Benton County Jail for whom a warrant with a notation relating in any way to an LFO had been issued.  (ECF No. 35, ¶ 6).  The LFO notation was nonspecific, however, to Ms. Sleater's theory of class liability.  LFOs can arise for many

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 2

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

reasons and it remains unknown how many of these individuals were part of the Pay or Appear Program, how many of these individuals were issued an LFO warrant without a summons or other court directive to appear at a hearing, and how many of these individuals were provided a *Bearden* inquiry into indigency.  (*See* ECF No. 76 at 41:5).  An additional difficulty immediately became apparent because 17,464 warrants were issued by Benton County for the 1,642 persons, but this total number of warrants had no correlation with LFO warrants or arrests and bookings.  (ECF No. 35, ¶¶ 10-12; ECF No. 48, ¶¶ 24-25).

The County's records do not provide any insight on a common basis for when a person with multiple warrants was booked on a specific warrant issued for LFO nonpayment or for another completely separate reason, which would include a potential offense for which no warrant had ever been issued.  (ECF No. 35, ¶ 26; ECF No. 48, ¶ 24).

C.  **Cross-motions on class certification.**

The parties filed cross-motions on class certification in July 2018.  (ECF No. 31, 37).  At a hearing on November 8, 2018, the Court observed:

> . . . criminal defendants in Benton County booked . . . for multiple reasons, some reasons being legal, some perhaps not legal, such as these LFO warrants, would not be appropriate class members because there would be no damages suffered by that particular individual, because at least one of the

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 3

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA  98902
Telephone (509)575-0313
Fax (509)575-0351

reasons that they're being booked was legal. (ECF No. 76 at 5:23-25 through 6:1-4).

The County's expert witness, Trent Livingston, testified that he was unable to determine how many of the 1,642 potential class members were part of the Pay or Appear Program. (ECF No. 76 at 41:5). It would be necessary to review individual police records to determine why an individual was arrested and booked into the Benton County Jail. (*Id.*, at 39:20-25 through 40:1-9).

Ms. Sleater's counsel assured that Court that it would be possible to determine the precise number of class members through further investigation. (*Id.*, at 65:18-20). Counsel represented that Ms. Sleater would obtain police reports for each of the 1,642 potential class members to determine whether they were arrested pursuant to an LFO nonpayment warrant. (*Id.*, at 90:21-24).

In an order dated November 30, 2018, the Court certified an "issuance class" and an "incarceration subclass." (ECF No. 75 at 1-2). The Court also ruled that if "additional discovery indicates that class certification is not appropriate, the Court will exercise its discretion to decertify the class." (*Id.*, at 12).

**E. Almost two years later, Ms. Sleater cannot identify class members.**

In February 2021, Ms. Sleater's counsel informed the County that its expert witness, Kristy Bergland, had "analyzed and sorted 820 individual cases to identify

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 4

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

and sort class members." (ECF No. 141-1). Counsel also produced "exemplars" of five individuals Ms. Bergland concluded were part of the class and subclass. (ECF No. 141, ¶ 3).

Ms. Bergland's conclusions are unreliable both because of methodological problems and factual errors. (ECF No. 120; ECF No. 142; ECF No. 143). Whether someone is or is not part of the class and subclass cannot be determined in the class-wide manner proposed by Ms. Bergland. A time consuming, fact-specific investigation spanning multiple data sources is necessary to determine—on a case-by-case basis—whether any individual is part of the class and subclass. (ECF No. 48, ¶ 24; ECF No. 142, ¶ 8).

### III. <u>LEGAL ARGUMENT</u>

Ms. Sleater cannot satisfy the requirements of Fed. R. Civ. P. 23(b)(3).

**A.  Common questions of law or fact do not predominate over individual issues.**

The Rule 23(b)(3) predominance inquiry requires that "questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). At a superficial level, Ms. Sleater's claims involve generalized questions of law (e.g., whether the issuance of an

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 5

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

unlawful arrest warrant violates the Fourth Amendment). But this cannot be meaningfully applied to the facts in this case on a class-wide basis.

To begin with, the County has no Fourth Amendment liability to class members who were not arrested. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991) (Fourth Amendment seizure requires either physical force or, absent physical force, submission to the assertion of authority). The mere issuance of an arrest warrant that may have never even been served on a defendant is not a seizure. The unusual case of a person who learns of a pending warrant and turns himself or herself in to custody only proves the rule. Without an actual seizure, no liberty interest is implicated. The viability of this case cannot be based solely on the primary class definition. As to the subclass, only incarceration or another cognizable form of seizure—proximately caused by an improper LFO warrant under the Pay or Appear Program—will suffice. This cannot be determined on a class-wide basis.

To prove her claims based on the subclass, Ms. Sleater must establish that the County's allegedly wrongful conduct was the cause of an injury to each subclass member. *Estate of Brooks ex re., Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). Liability can arise only following resolution of at least the following fact-specific inquiries:

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 6

- whether the individual was booked into the Benton County Jail in a causally significant way (not merely "pursuant to") in relation to an LFO nonpayment warrant under the Pay or Appear Program;

- whether any other warrant was pending at the time of the individual's arrest that provided an independent basis for the arrest;

- whether an independent basis existed for the arrest and the LFO nonpayment warrant was added to the booking record subsequent to the actual arrest and booking;

- in the event an individual was booked solely on an LFO nonpayment warrant under the Pay or Appear Program, whether the warrant was issued after a *Bearden* hearing; and

- the duration of time, if any, the individual was incarcerated because of an unlawful LFO nonpayment warrant.

These questions cannot be resolved on a class-wide basis.

An illustrative case is *Bushbeck v. Chicago Title Ins. Co.*, 2012 WL 12845605 (W.D. Wash. Nov. 15, 2012), which involved an effort to certify a class of persons charged allegedly unearned reconveyance fees by the defendant escrow company. The defendant argued that the circumstances of each escrow transaction, including the reasons an escrow fee was or was not refunded in any given case, differed in a manner antithetical to class-wide adjudication. 2012 WL 12845605 at *10.

Similar to the representations by Ms. Sleater's counsel in November 2018, the plaintiffs in *Bushbeck* argued that if class certification were granted, they would

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 7

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

conduct a "file-by-file review" in order to determine class membership. *Id.* at *7. The defendant countered that even if class members could be identified, an arduous file-by-file review of its records would also be necessary to raise any applicable defenses. *Id.*, at *10.

The trial court observed that "[t]he Bushbecks have not offered a method for manageably conducting this review at trial, and the court has not conceived of one." *Id.* The court concluded that individual issues predominated and denied certification. *Id.*, at *11.

In the present case, individual issues regarding the circumstances leading to the arrest and incarceration of any person will predominate over common issues. Individualized issues of class membership and causation between LFO obligations and arrests dwarf generalized claims of Fourth Amendment liability. The Court should de-certify the class and subclass. *See Harvey v. Centene Mgt. Co. LLC*, 2020 WL 2411510 at *7 (E.D. Wash. May 12, 2020) (denying certification where "though a class action would no doubt resolve some class-wide issues in a single proceeding, it would then entail thousands of individualized determinations of whether, and if so to what extent, a member was injured ..."); *Wetzel v. CertainTeed Corp.*, 2019 WL 3976204 at *16-17 (W.D. Wash. March 25, 2019)

DEFENDANT'S MOTION TO
DECERTIFY CLASS - 8

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

(denying certification where the causation and injury elements of the plaintiff's claims raised "serious concerns about the need for mini-trials.").

## B. A class action is not a superior method of adjudicating this controversy.

Ms. Sleater must also demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Courts generally weigh the four factors of Rule 23(b)(3) to assess superiority. Here, the "likely difficulties in managing a class action" should preclude a finding of superiority. Fed. R. Civ. P. 23(b)(3)(D).

"When the complexities of class treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the 'superior' method of adjudication." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1192 (9th Cir. 2001). Although "the language of Rule 23 does not impose a freestanding administrative feasibility prerequisite to class certification," and, on its own, administrative feasibility is insufficient to defeat class certification, it is relevant to assessing manageability. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1126-28 (9th Cir. 2017); *accord Walker v. Life Ins. Co. of the Southwest*, 953 F.3d 624, 632 (9th Cir. 2020).

DEFENDANT'S MOTION TO DECERTIFY CLASS - 9

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

Here, the evidentiary showing that would be necessary to establish liability for each putative class member would overwhelm the benefits of class adjudication. *Blough v. Shea Homes, Inc.*, 2014 WL 3694231, at *16 (W.D. Wash. July 23, 2014) ("Class action treatment is not 'superior' where 'each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually.'") (quoting *Zinser*, 253 F.3d at 1192).

The facts of this case also raise serious concerns about administrative feasibility. Despite an extensive opportunity for class discovery, Ms. Sleater has developed no useful class-wide information. Efforts by Ms. Bergland to identify class members are misguided and flawed. Practical issues of manageability weigh heavily against a finding of superiority. *See Wetzel*, 2019 WL 3976204 at *20-21 (finding a lack of superiority for similar reasons). The Court should find that class action is not a superior way to adjudicate these claims.

## IV. CONCLUSION

For the reasons set forth above, the Court should exercise its discretion to decertify the class.

DATED THIS 20th day of August, 2021.

> s/ KENNETH W. HARPER
> WSBA #25578
> Menke Jackson Beyer, LLP

DEFENDANT'S MOTION TO DECERTIFY CLASS - 10

1
2
3
4   Attorneys for Defendant Benton County
5   807 North 39th Avenue
    Yakima, Washington 98902
6   Telephone: (509) 575-0313
    Fax: (509) 575-0351
7   Email: kharper@mjbe.com
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30  DEFENDANT'S MOTION TO
    DECERTIFY CLASS - 11

**MENKE JACKSON BEYER, LLP**
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Breean Lawrence Beggs | bbeggs@pt-law.com, |
| Mary Bisset | mbisset@pt-law.com |
| Andrew S. Biviano | andrewbiviano@me.com |
| Toby J. Marshall | tmarshall@terrellmarshall.com |
| Eric R. Nusser | eric@terrellmarshall.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None.

s/ KENNETH W. HARPER
WSBA #25578
Menke Jackson Beyer, LLP
*Attorneys for Defendant Benton County*
807 North 39th Avenue
Yakima, Washington 98902
Telephone: (509) 575-0313
Fax: (509) 575-0351
Email: kharper@mjbe.com

DEFENDANT'S MOTION TO DECERTIFY CLASS - 12

MENKE JACKSON BEYER, LLP
807 North 39th Avenue
Yakima, WA 98902
Telephone (509)575-0313
Fax (509)575-0351