Toby J. Marshall, WSBA #32726
Eric R. Nusser, WSBA #51513
Attorneys for Plaintiff
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
Email: eric@terrellmarshall.com

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JACLYN RAE SLEATER, and others,

Plaintiff,

v.

BENTON COUNTY, a municipal corporation,

Defendant.

Case No. 4:17-cv-05033-SAB

**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**NOTED FOR HEARING:
JUNE 28, 2023
WITH ORAL ARGUMENT**

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT
Case No. 4:17-cv-05033-SAB

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION...................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................ 1

    A.      The benefits to the Class provided under the Settlement.............. 2

        1.      Class representative's service award.................................. 3

    B.      The Claims Administrator executed the notice plan ordered by the Court.................................................................................... 3

    C.      The Class's reaction to the Settlement has been positive .............. 4

III.    AUTHORITY AND ARGUMENT .................................................................. 4

    A.      Plaintiffs and Class Counsel adequately represented the Settlement Class .................................................................................... 5

    B.      The Settlement is the result of arm's-length, non-collusive negotiations.................................................................................... 5

    C.      The relief provided for the Settlement Class is adequate .............. 6

        1.      The costs, risks, and delay of trial and appeal ...................... 6

        2.      Funds will be fairly distributed to Settlement Class Members ................................................................................. 7

        3.      Class Counsel's requested attorneys' fees are reasonable ... 7

    D.      Settlement Class Members are treated equitably relative to each other .............................................................................. 8

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - i
Case No. 4:17-cv-05033-SAB

E.    The reaction of the Settlement Class was positive ........................... 8

F.    The Court-ordered Notice Program is constitutionally sound ......... 9

G.    The requested fees, costs, and service award should
       be approved ................................................................................ 9

H.    The Court should accept claims filed through the final
       hearing date ................................................................................ 9

IV.    CONCLUSION ................................................................................ 10

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - ii
Case No. 4:17-cv-05033-SAB

## TABLE OF AUTHORITIES

**Page**

### CASES

*Carey v. Piphus,*
    435 U.S. 247 (1978)............................................................................ 8

*Fossett v. Brady Corp.,*
    2021 WL 2273723 (C.D. Cal. Mar. 23, 2021) ............................................ 8

*Gehrich v. Chase Bank USA, N.A.,*
    316 F.R.D. 215 (N.D. Ill. 2015) ............................................................ 7

*Haralson v. U.S. Aviation Services Corp.,*
    2021 WL 5033832 (N.D. Cal. Feb. 3, 2021) ............................................ 8

*In re Bluetooth Headset Prods. Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011) .............................................................. 6

*In re Gypsum Antitrust Cases,*
    565 F.2d 1123 (9th Cir. 1977) ............................................................ 10

*In re Online DVD-Rental Antitrust Litig.,*
    779 F.3d 934 (9th Cir. 2015) .............................................................. 6

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.,*
    895 F.3d 597 (9th Cir. 2018) .............................................................. 5

*Morgan v. Childtime Childcare, Inc.,*
    2020 WL 218515 (C.D. Cal. Jan. 6, 2020) .............................................. 8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
    221 F.R.D. 523 (C.D. Cal. 2004) .......................................................... 7

*Ortiz v. Fiberboard Corp.,*
    527 U.S. 815 (1999)............................................................................ 6

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - iii
Case No. 4:17-cv-05033-SAB

*Rodriguez v. W. Publg. Corp,*
563 F.3d 948, 966 (9th Cir. 2009) ........................................................... 7

*Roes, 1–2 v. SFBSC Management, LLC*,
944 F.3d 1043 (9th Cir. 2019) .............................................................. 6

*Zients v. LaMorte*,
459 F.2d 628 (2d Cir. 1972) ............................................................. 9, 10

**RULES**

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................ 9

Fed. R. Civ. P. 23(e)(1) ............................................................................. 9

Fed. R. Civ. P. 23(e)(2) ......................................................................... 4, 5

Fed. R. Civ. P. 23 (e)(2)(C)(iii) ............................................................... 7

Fed. R. Civ. P. 23 (e)(2)(D) ..................................................................... 8

Fed. R. Civ. P. 23 (e)(3) ........................................................................... 5

Fed. R. Civ. P. 23 (e)(4) ........................................................................... 5

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - iv
Case No. 4:17-cv-05033-SAB

## I.   INTRODUCTION

Plaintiff Jaclyn Rae Sleater respectfully asks the Court to grant final approval of the class action Settlement reached with Defendant Benton County. The settlement will financially benefit over 1,600 people who were harmed by Defendant's "Pay or Appear Program," under which the County issued warrants without notice or a hearing and then arrested and incarcerated people for their alleged failure to pay Legal Financial Obligations (LFOs). The Settlement requires the County to pay up to $1,079,600, with settlement awards to Class Members as high as $1,000. The Claims Administrator implemented the Court-approved notice plan, delivering notice to 88 percent of Settlement Class Members. A total of 315 Settlement Class Members—19.38 percent—submitted Claim Forms and none objected. The proposed settlement is a favorable result, is fair, reasonable, and adequate under the standards in this Circuit and should be approved. The Court should also accept the few Claim Forms that came in after the stated deadline.

## II.   STATEMENT OF FACTS

The Court is familiar with the extensive procedural history and adversarial nature of the litigation. *See* ECF 167 at 8-11. Following months of negotiations, the Settlement Agreement was executed on November 8, 2022. ECF 168 ¶¶ 3-4, Ex. 1. On November 10, 2022, Plaintiff moved for preliminary approval of the

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 1
Case No. 4:17-cv-05033-SAB

Settlement. ECF 167. On December 1, 2022, the Court preliminarily approved the Settlement and the proposed notice program. ECF 172.

**A.      The benefits to the Class provided under the Settlement.**

The Settlement Agreement requires the County to create a Class Fund of up to $779,600 that will be used to pay awards to Settlement Class Members and a Class Representative Service Award of up to $25,000. ECF 168, Ex. 1 ¶¶ 1.4, 5.2, 5.8. Issuance Class Members who returned a Claim Form are eligible to receive an award of up to $200. *Id.* ¶ 5.5. Arrest Class Members who returned a Claim Form are eligible to receive up to $1,000. *Id.* If a Settlement Class Member owes LFOs to the County, the award will first be used to pay down such debt. *Id.* ¶¶ 5.6.

Settlement Class Members who did not return a Claim Form will still benefit from reduced LFO debt. One-third of their award ($67 for Issuance Class Members; $333 for Arrest Class Members) will first pay down any outstanding LFO debt owed to the County and then be deposited into a Residual Fund. *Id.* The total Residual Fund amount will then be disbursed on an equal, per capita basis to Settlement Class Members who returned a Claim Form. *Id.* There will be no reversion of any Residual Funds to the County. *Id.* If any checks sent to Settlement Class Members remain uncashed after 181 days, the remaining funds will be disbursed as a *cy pres* award to the Legal Foundation of Washington. *Id.* ¶ 5.12.

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 2
Case No. 4:17-cv-05033-SAB

1. <u>Class representative's service award.</u>

If approved by the Court, Ms. Sleater will receive a Service Award of $25,000. ECF 168, Ex. 1 ¶ 5.8. The proposed award compensates Ms. Sleater for her time and effort as class representative and for the risks she undertook in prosecuting the case. ECF 169 ¶ 2. The Service Award will be paid from the Class Fund but will not diminish the awards to Settlement Class Members.

**B.      The Claims Administrator executed the notice plan ordered by the Court.**

Claims Administrator CPT implemented the notice plan according to the Settlement Agreement and Court Order. ECF 172. Defendant provided CPT with a list of Settlement Class Members ("Class List"). *See* O'Connor Decl. ¶ 5. The Class List contained 1,637 Settlement Class Members, including 21 for whom no mailing address was available. *Id.* CPT conducted a National Change of Address search to update Members' addresses, locating 147 new addresses. *Id.* ¶ 6.

On February 23, 2023, CPT mailed the Notice and Claim Form via U.S. first class mail to 1,621 Settlement Class Members. *Id*. ¶ 7. CPT also maintained a Settlement website, toll-free hotline, and email account. *Id.* ¶ 2. The stated deadline for Members to submit requests for exclusion or objections was April 24. *Id.* CPT also sent an abbreviated Notice to Tri-City Union Gospel Mission to post at its homeless shelter. *Id.* ¶ 8. CPT performed skip trace searches for Notices

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 3
Case No. 4:17-cv-05033-SAB

returned without a forwarding address. *Id.* ¶ 10. In total, 185 Notices were undeliverable. *Id.* CPT received 311 timely Claim Forms and four that were postmarked three or fewer days late. *Id.* ¶ 11. Assuming the four late claims are accepted as Plaintiff requests below, the participation rate is 19.38 percent. *Id.* ¶ 14. Two Members requested exclusion, and none objected. *Id.* ¶ 12-13.

**C.      The Class's reaction to the Settlement has been positive.**

The Settlement has been well-received by Settlement Class Members, with only two excluding themselves and none objecting. *Id.* ¶ 12-13. And a total of 315 Settlement Class Members—19.38 percent—submitted Claim Forms. *Id.* ¶ 14.

**III.      AUTHORITY AND ARGUMENT**

Courts should grant final approval to class action settlements that are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The applicable four-factor test is meant to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision…." *Id*., advisory committee's note to 2018 amendments. Those factors are whether (1) the class representative and class counsel have adequately represented the class; (2) negotiations occurred at arm's length; (3) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, (iii) the terms of any proposed

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 4
Case No. 4:17-cv-05033-SAB

award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2). Ultimately, "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

**A.     Plaintiffs and Class Counsel adequately represented the Settlement Class.**

The Court previously found that Plaintiff and her counsel are capable of fairly and adequately protecting the interests of Class members. ECF 75 at 9; ECF 149. Nothing has changed. Plaintiff and Class Counsel have continued this vigorous representation and have no conflicts of interest with any Settlement Class Members. Also, Plaintiff was instrumental to the case and the Settlement.

**B.     The Settlement is the result of arm's-length, non-collusive negotiations.**

This litigation was hard-fought, and settlement relief was hard-won. The Settlement was negotiated at arm's length after a great deal of discovery and motion practice. ECF 168 ¶¶ 3-8. Moreover, Class Counsel negotiated based on their extensive experience and a solid understanding of the facts and law. *See* ECF 75 at 9; ECF 149; ECF 168 ¶¶ 8-10; ECF 169 ¶ 4; ECF 177 ¶¶ 2-6; ECF 178 ¶¶ 2-5;

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 5
Case No. 4:17-cv-05033-SAB

*see also Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999) (settlement amount negotiated at arm's length by "parties of equal knowledge and negotiating skill" is assumed to be maximum available). And no "warning signs" of potential collusion are present here. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Class Counsel have not requested a disproportionate amount of fees compared to the amount of the Class Fund. *See, e.g., id.* at 938 (no money provided to class but up to $800,000 for class counsel); *Roes, 1–2 v. SFBSC Management, LLC*, 944 F.3d 1043 (9th Cir. 2019) (nearly half of settlement fund went to attorneys' fees). Rather, they seek a fee award that does not diminish the Class Fund and represents a "negative" multiplier. ECF 176 at 6. Likewise, no settlement funds revert to the County. *See In re Bluetooth*, 654 F.3d at 947.

**C.    The relief provided for the Settlement Class is adequate.**

In determining whether the relief provided to the Settlement Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

1.    <u>The costs, risks, and delay of trial and appeal.</u>

Defendant's agreement to pay up to $1,079,600 to settle is more than adequate given the risks and delays of continued litigation. Plaintiff is confident in

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 6
Case No. 4:17-cv-05033-SAB

the strength of her case but also pragmatic about the risks. Litigating to trial and through any appeals would be expensive, time-consuming, and risky for both parties. But the settlement provides prompt and certain relief. *See Rodriguez v. W. Publg. Corp.*, 563 F.3d 948, 966 (9th Cir. 2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (comparing "vagaries of litigation" to "significance of immediate recovery") (citation omitted).

    2.    <u>Funds will be fairly distributed to Settlement Class Members.</u>

The funds will be fairly and reasonably allocated to Settlement Class Members. *See, e.g., Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (class members with stronger claims may receive larger settlement awards). Members of the Issuance Class were eligible to receive up to $200, and members of the Arrest Class were eligible to receive up to $1,000. Those who filed Claim Forms will also receive equal shares of the Residual Funds.

    3.    <u>Class Counsel's requested attorneys' fees are reasonable.</u>

Under Rule 23(e)(2)(C)(iii), the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." Class Counsel seek an award of $300,000 based on a lodestar of $330,452, which reflects a "negative multiplier." ECF 172 at 6. Class Counsel's fee award will be paid only after the Settlement Agreement becomes effective. ECF 168, Ex. 1 ¶ 5.11. Thus,

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 7
Case No. 4:17-cv-05033-SAB

the timing and amount of Class Counsel's fee request is reasonable.

**D.    Settlement Class Members are treated equitably relative to each other.**

The Court must consider whether the Settlement treats Settlement Class Members equitably relative to each other. Rule 23(e)(2)(D). This Settlement does so by allocating the same damages for the same constitutional violations. That Issuance Class Members are allocated less than Arrest Class Members is appropriate considering the difference in constitutional violations—due process versus a deprivation of liberty—and the type of damages recoverable for each. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) (only nominal damages for due process violations unless actual damages can be shown); *see also Haralson v. U.S. Aviation Services Corp.*, 2021 WL 5033832, at *5 (N.D. Cal. Feb. 3, 2021) (equitable treatment supported approval).

**E.    The reaction of the Settlement Class was positive.**

"[T]he absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms...are favorable to the class members." *Fossett v. Brady Corp.*, 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021). Here, the lack of any objections illustrates Settlement Class Members' satisfaction with the Settlement terms. *See Morgan v. Childtime Childcare, Inc.*, 2020 WL 218515, at *2 (C.D. Cal. Jan. 6, 2020) (approving settlement and finding

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 8
Case No. 4:17-cv-05033-SAB

the "[l]ack of objection speaks volumes for a positive class reaction").

**F.      The Court-ordered Notice Program is constitutionally sound.**

Notice must be directed "in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). Here, the notice program consisted of direct notice mailed to the class, an informational website, a toll-free hotline, and email. O'Connor Decl. ¶ 2. The notice program was extremely successful, reaching over 88 percent of Settlement Class Members. *Id.* ¶¶ 7-10.

**G.      The requested fees, costs, and service award should be approved.**

For the reasons set forth in Plaintiff's Motion for Attorneys' Fees and Costs, ECF 176, Class Counsel respectfully ask the Court to award Class Counsel's request for $300,000 in attorneys' fees and costs as well as a service award in the amount of $25,000 in recognition of Ms. Sleater's service.

**H.      The Court should accept claims filed through the final hearing date.**

"Until the fund created by the settlement is actually distributed, the court retains its traditional equity powers" over the class settlement plan, including the authority to approve "late claims." *Zients v. LaMorte*, 459 F.2d 628, 630-31 (2d Cir. 1972) (allowing untimely claimants to receive payments from settlement

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 9
Case No. 4:17-cv-05033-SAB

fund); *see also In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977) ("district court had discretion to grant late claims").

The stated deadline for Settlement Class Members to make a claim was April 24. To date, CPT has received four claims that were postmarked late but within three days of the stated deadline. CPT may also receive additional claim forms before the final approval hearing on June 28.

Plaintiff respectfully asks the Court to use its traditional equity powers to find that these claimants are eligible to receive a settlement award. Including them will not prejudice other Settlement Class Members, whose awards will not change regardless of the number of claimants. The County has also agreed to pay an amount equal to a 100-percent participation rate, but participation—even including these claims—will likely be fewer than 20 percent. Thus, including late claims is within the County's monetary limits, and good cause exists to do so.

### IV.    CONCLUSION

Plaintiff respectfully asks the Court to enter an Order: (1) approving the Settlement Agreement; (2) finding that adequate notice was provided to the Settlement Class; (3) approving the acceptance of claims through the final hearing date; (4) granting Class Counsel's request for $300,000 in attorneys' fees and costs; and (5) approving a $25,000 service award for Ms. Sleater.

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 10
Case No. 4:17-cv-05033-SAB

RESPECTFULLY SUBMITTED AND DATED this 5th day of May, 2023.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
Eric R. Nusser, WSBA #51513
Attorneys for Plaintiff
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com
Email: eric@terrellmarshall.com

Breean Lawrence Beggs, WSBA #20795
Attorneys for Plaintiff
PAUKERT & TROPPMANN PLLC
522 West Riverside Avenue, Suite 560
Spokane, Washington 99201
Telephone: (509) 232-7760
Facsimile: (509) 232-7762
Email: bbeggs@pt-law.com

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 11
Case No. 4:17-cv-05033-SAB

<u>CERTIFICATE OF SERVICE</u>

I, Toby J. Marshall, hereby certify that on May 5, 2023, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following:

> Kenneth W Harper, WSBA #25578
> Email: kharper@mjbe.com
> Quinn N. Plant, WSBA #31339
> Email: qplant@mjbe.com
> MENKE JACKSON BEYER LLP
> 807 North 39th Avenue
> Yakima, Washington 98902
> Telephone: (509) 575-0313
> Facsimile: (509) 575-0351

> *Attorneys for Defendant*

DATED this 5th day of May, 2023.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By: /s/ Toby J. Marshall, WSBA #32726
> Toby J. Marshall, WSBA #32726
> Attorneys for Plaintiff
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103
> Telephone: (206) 816-6603
> Facsimile: (206) 319-5450
> Email: tmarshall@terrellmarshall.com

MOTION FOR FINAL APPROVAL OF CLASS
ACTION SETTLEMENT - 12
Case No. 4:17-cv-05033-SAB